IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEHU WALTER YOUNG,                )
                                  )
                                  )   Civil Action
              Plaintiff           )   No. 11-cv-05301
                                  )
      vs.                         )
                                  )
PA STATE TROOPER THOMAS W.        )
KOLBEY and                        )
PA STATE TROOPER PETER MIKO,      )
                                  )
              Defendants          )

\* \* \*

APPEARANCES:

      SANDRA I. THOMPSON, ESQUIRE
         On behalf of Plaintiff

      LINDA L. KELLY, ESQUIRE
         On behalf of Defendants

\* \* \*

O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Plaintiff's Motion to Amend Plaintiff's Complaint to Include a Jury Trial Demand, which motion was filed April 4, 2012 ("Plaintiff's Motion").[1]  On April 18, 2012 Trooper Thomas W. Koebley and Trooper Peter Minko's Response in Opposition to Plaintiff's Motion to Amend the Complaint to Include a Jury Demand was filed ("Defendants' Opposition").

---

[1] On April 5, 2012 Plaintiff's Brief Supporting Plaintiff's Motion to Amend Complaint to Include Jury Trial Demand was filed ("Plaintiff's Brief").

SUMMARY OF DECISION

For the reasons expressed below, I grant Plaintiff's Motion to Amend Plaintiff's Complaint to Include a Jury Trial Demand.[2]

Specifically, I find that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 is suitable for a jury; granting the within motion would not cause significant disruption to the schedule of the court or defendants; defendants will not suffer prejudice; the delay in filing the within motion does not weigh against plaintiff; and although plaintiff fails to justify the failure to file a timely jury demand, plaintiff's previous *pro se* status mitigates the lack of justification for failing to timely file a jury demand.

More specifically, the Seventh Amendment to the United States Constitution guarantees parties the right to a trial by jury in § 1983 actions, and defendants do not assert otherwise. Additionally, granting plaintiff's motion will not cause the court or defendants unreasonable hardship or prejudice because the court can arrange the scheduling of this case as a jury trial and defendants have been aware of plaintiff's intention to demand

---

[2] Plaintiff does not actually assert any intention to amend his Complaint substantively and only wishes to add a jury demand to the existing Complaint. Accordingly, I treat plaintiff's within motion as a motion to file an untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b). Furthermore, because plaintiff does not seek to amend his Complaint beyond adding a jury demand, I will permit plaintiff to file a written jury demand pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure as an alternative to filing an amended complaint.

a jury since March 15, 2012.  Defendants have had ample notice of the prospect of a jury trial and have had the entire period of discovery to prepare for a trial by jury.

The length of the delay in plaintiff seeking to add a jury demand comes to 117 (from his December 9, 2011 deadline to serve defendants with a written jury demand to April 4, 2012 when he filed the within motion to amend his Complaint to include a jury trial demand)[3].  Although a delay of 117 days is not a short delay, the impact from the length of the delay and plaintiff's lack of an excusable justification is mitigated by the absence of prejudice to defendants and the fact that a substantial amount of the delay was because of the inadvertence of a *pro se* plaintiff.  Thus, I grant plaintiff's motion.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff

---

[3] Pursuant to Federal Rule of Civil Procedure 38(b)(1), plaintiff had fourteen days after the last pleading to serve defendants with a written jury demand.  The last pleading (as defined by Fed.R.Civ.P. 7(a)) to be filed was Trooper Thomas W. Koebley and Trooper Peter Minko's Answer to Plaintiff's Complaint, which answer was filed November 22, 2011.  Fourteen days from that date sets the timely jury demand deadline at December 6, 2011.

However, pursuant to Federal Rules of Civil Procedure 6(d) and 5(b)(2)(C), an additional three days to act is added because the answer was served by mail.  Thus, plaintiff had until December 9, 2011 to file a timely jury demand.

On April 4, 2012, plaintiff filed his within motion to amend complaint to include a jury trial demand.  Therefore, the length of the delay in plaintiff seeking to add a jury demand comes to 117 days (from December 9, 2011 to April 4, 2012).

alleges that defendants violated his Constitutional rights and brings this action pursuant to 42 U.S.C. § 1983.

VENUE

Venue is proper because plaintiff alleges that defendants' conduct giving rise to the § 1983 claim occurred in Lancaster County, Pennsylvania, which is within this district. See 28 U.S.C. §§ 118, 1391(b).

PROCEDURAL HISTORY

On August 30, 2011 plaintiff Jehu Walter Young, acting *pro se*, filed a Complaint dated August 19, 2011 in the United States District Court for the Eastern District of Pennsylvania. The Complaint was prepared on what appears to be a standard fill-in-the-blanks form, presumably provided by the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania to *pro se* litigants.  The blanks in the form Complaint were completed in handwriting, presumably by plaintiff, and the "Signature of Plaintiff" blank contains the signature "Jehu W. Young".  The "Basis for Jurisdiction" and "Statement of Claim" sections of the form Complaint allege "unjustified enforcement" and "brutality"[4] against Pennsylvania State Troopers

---

[4] In Plaintiff's Brief Supporting Plaintiff's Motion to Amend Complaint to Include Jury Trial Demand, prepared by plaintiff's counsel, it states: "Plaintiff's factual allegations raise legal violations of 42 USC 1983 claims for excessive force and false arrest for the charge of Resisting arrest."  While not specifically stated in plaintiff's *pro se* Complaint, or his counsel's brief, his claims properly fall under the protections of the Fourth Amendment to the United States Constitution (through 42 U.S.C. § 1983).

Thomas W. Kolbley and Peter Miko[5] arising from an incident following a traffic stop which occurred on August 20, 2009.[6]

The Complaint form used by plaintiff provides plaintiff the option and opportunity to endorse a demand for jury trial on the Complaint. On the first page of the Complaint, to the right of the caption immediately beneath the word "Complaint", the preprinted language reads "Jury Trial:" followed by a box for "Yes" and a box for "No", followed by the words "(check one)". Mr. Young failed to check either the "Yes" box or the "No" box on the Complaint.

Both defendants were properly served with the Summons and Complaint on November 17, 2011.[7] On November 22, 2011 Troopers Thomas W. Koebley and Trooper Peter Minko's Answer to Plaintiff's Complaint was filed.[8]

On February 12, 2012, Sandra I. Thompson, Esquire, entered her appearance on behalf of plaintiff. Prior to Attorney Thompson's appearance, Mr. Young had proceeded *pro se*.

On March 15, 2012 I conducted a Rule 16 status conference by telephone conference call with counsel for the

---

[5] Plaintiff misspelled the names of each defendant in the Complaint. Defendants' names are properly spelled Thomas W. Koebley and Peter Minko. Defendants' Opposition at 1.

[6] Complaint at pages 2 and 3.

[7] See Docket Entries 5 and 6.

[8] See Docket Entry 7.

parties.[9]  Attorney Thompson brought up for the first time that plaintiff wished to have a jury trial.  Plaintiff requested and was granted twenty days to file a motion to amend the pleadings and to add a jury demand.  In my Rule 16 Status Conference Order dated March 15, 2012 and filed on March 27, 2012, by agreement of counsel, I gave plaintiff until April 4, 2012 to file a motion to amend the pleadings.[10]

Because plaintiff had not yet served defendant with a written demand for jury trial as required by Fed.R.Civ.P. 38(b)(1), my March 15, 2012 Rule 16 Status Conference Order and subsequent March 20, 2012 Non-Jury Trial Attachment Order each scheduled the case as a non-jury trial to commence on April 1, 2013[11].

On April 4, 2012 plaintiff's counsel filed the within motion to amend his Complaint to add a jury demand.  On April 5, 2012, counsel for plaintiff filed a brief in support of the motion.  Plaintiff does not attach a proposed amended complaint to his motion to amend.  This suggests that the sole purpose of amending the original Complaint is to include a jury demand.  Accordingly, I will treat plaintiff's motion to amend as a motion

---

[9]  See Docket Entry 12.

[10]  See Docket Entry 14.

[11]  In a later Amended Non-Jury Trial Attachment Order dated April 13, 2012, I changed the date for commencement of the non-jury trial to April 22, 2012.

for leave to file an untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b). Defendants filed their opposition to plaintiff's motion on April 18, 2012.

DISCUSSION

The long-standing right to a jury trial in civil cases arises from the common law, the United States Constitution and the Federal Rules of Civil Procedure. See Hare v. H & R Industries, Inc., 2001 U.S.Dist. LEXIS 8661 (E.D.Pa. June 26, 2001)(J.M. Kelly, J.); U.S. Const. Amend.VII; Fed.R.Civ.P. 38(b).

However, any party seeking a jury trial is required to make a timely demand for a jury, by filing a demand with the Clerk of Court, within 14 days after being served with the last pleading directed to the issue. Fed.R.Civ.P. 38(b). Failure to make a timely jury demand results in waiver of the right to have the matter heard by a jury. Fed.R.Civ.P. 38(b). Nevertheless, a party may, upon motion to the court, and in the court's discretion, seek leave to file an untimely demand for jury. Fed.R.Civ.P. 39(b).

The United States Court of Appeals for the Third Circuit has established a five factor balancing test for district courts to utilize in determining whether it is within its discretion to permit an untimely demand for jury under Rule 39(b). See United States Securities and Exchange Commission v. The Infinity Group Company, 212 F.3d 180 (3d Cir. 2000).

Specifically, I must examine and weigh the following factors: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice will result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely jury demand. <u>Infinity</u>, 212 F.3d at 195-196. I address each of these factors and the parties' contentions below.

<u>Suitability of the Issue for a Jury</u>

The first factor is whether the issue is suitable for a jury. For the following reasons, I conclude that plaintiff's claim is suitable for a jury.

The United States Supreme Court has established that the Seventh Amendment to the United States Constitution confers upon a party the right to a jury trial in actions pursuant to 42 U.S.C. § 1983. <u>City of Monterey v. Del Monte Dunes</u>, 526 U.S. 687, 709, 119 S.Ct. 1624, 1638, 143 L.Ed.2d 882, 904 (1999).

Moreover, suitability of a jury often depends on the complexity of factual issues and the difficulty in framing the issues in a manner readily understandable to jurors. <u>See</u> <u>Infinity</u>, 212 F.3d at 196.

In this case, plaintiff asserts that the factual issues presented within his § 1983 claim and his claim for damages are perfectly comprehensible by a jury. I agree.

Defendant does not argue otherwise and merely asserts that plaintiff's claim is equally triable before a jury or a judge. Therefore, because defendants do not dispute that the issues in this § 1983 case can be tried by a jury, and because the United States Supreme Court has found that the Seventh Amendment confers a right to a jury trial in such cases, I conclude that this factor weighs in favor of plaintiff.

### Disruption of Scheduling

The second factor is whether granting the motion would disrupt the schedule of the court or the adverse party. For the following reasons, I conclude that any disruption caused by the granting of plaintiff's motion would be slight.

Plaintiff contends that the defendants' schedule will not be disrupted because defendant was given notice of plaintiff's intention to demand a jury at the Rule 16 status conference conducted by telephone on March 15, 2012. Defendant does not contest plaintiff's assertion.

With no argument from defendant to the contrary, and because I believe that a jury trial will not disrupt the court's schedule in any noticeable way, I conclude that this factor also weighs in favor of plaintiff.

### Prejudice to the Defendants

The third factor is whether any prejudice will result to the adverse party. For the following reasons, I conclude that defendant will not suffer any prejudice by the granting of plaintiff's motion.

Defendant does not assert that granting plaintiff's motion will cause them prejudice and I will not assume such prejudice on their behalf. Although the total absence of prejudice to defendants does not guarantee plaintiff's success on his within motion[12], this factor nevertheless weighs heavily in favor of plaintiff.

### Length of Plaintiff's Delay

The fourth factor is how long the party delayed in bringing the motion. For the following reasons, I conclude that plaintiff's delay, amounting to 117 days, is not detrimentally damaging to plaintiff.

On August 30, 2011 this case was commenced when Mr. Young filed his Complaint *pro se*. Therein, Mr. Young failed to check either the "Yes" or "No" box next to the prompt, "Jury Trial:". Defendants filed their answer to plaintiff's Complaint on November 22, 2011 and served plaintiff by mail the

---

[12] See FSA Group, Inc. v. Amerada Hess Corporation, 2006 WL 1117873 (E.D.Pa. April 26, 2006)(Pratter, J.).

same day.  Thus, Mr. Young had until December 9, 2011[13] to file a timely jury demand.  Mr. Young did not submit a timely jury demand by December 9, 2011 and thereafter, the case was scheduled for a non-jury trial.

My notes and recollection from the March 15, 2012 Rule 16 status conference confirm that counsel for plaintiff orally objected to this case being scheduled as a non-jury trial and stated plaintiff's intention to amend his Complaint and to add a jury demand.  At the Rule 16 status conference, which was not taken stenographically, by agreement of counsel I granted plaintiff's request for twenty days until April 4, 2012 to file an amended complaint.  Both defendants and the court were aware that plaintiff's motion to amend would include a request for a late jury demand.

In total, the length of plaintiff's delay in seeking to add a jury demand is 117 days, from December 9, 2011 to the date of filing the within motion on April 4, 2012--twenty days of which were expressly granted by me.

Because the factors set out by Infinity, supra, are intertwined, I conclude that the 117-day delay, does not weigh against plaintiff because defendants are not prejudiced by this

---

[13] Although 14 days from November 22, 2011, the date of service of defendants' answer to plaintiff's Complaint, sets the timely jury demand deadline at December 6, 2011, pursuant to Federal Rule of Civil Procedure 6(d) a party is given an additional three days to act after being served, as in this case, by mail under Rule 5(b)(2)(C).  Thus, plaintiff had until December 9, 2011 to file a timely jury demand.

delay, and the delay does not disrupt the schedule of the court or defendants. Therefore, I conclude that this factor is neutral in its application.

### Justification for Untimely Demand

The fifth Infinity factor is the justification for the failure to file a timely jury demand. For the following reasons, I conclude that plaintiff's reasons for filing an untimely jury demand fall short of a justification, but that conclusion is not dispositive of the within motion.

Plaintiff's reasons for failing to file a timely jury demand are expressed in Plaintiff's Motion and Plaintiff's Brief. They include that plaintiff was originally proceeding *pro se* and was unaware that he failed to affirmatively state his desire for a trial by jury until he obtained counsel and learned that he neglected to check the box indicating that a jury trial was demanded. Plaintiff always intended to have a trial by jury. On plaintiff's behalf, his counsel verbally requested a jury trial at the Rule 16 status conference conducted by me on March 15, 2012 and the telephonic settlement conference conducted by United States Magistrate Judge Henry S. Perkin on April 4, 2012.[14]

It is well-settled by the district courts within the Third Circuit that "[m]ere inadvertence, oversight, or lack of

---

[14] See Plaintiff's Motion, ¶¶ 1, 2 and 7 through 10; Plaintiff's Brief, pages 1, 2 and 6; and Docket Entries 12 and 17.

diligence by counsel does not justify granting a party's untimely demand for a jury trial."  Shen Manufacturing Company v. Family Dollar Stores, Inc., 2006 WL 3164788 at *3 (E.D.Pa. October 31, 2006) (Ditter, S.J.); See Lee v. Boyle-Midway Household Products, Inc., 785 F.Supp. 533, 535 (W.D.Pa. 1992).

On the other hand, it is also well-settled that *pro se* litigants are given greater leeway than licensed attorneys and courts are to liberally construe the pleadings of *pro se* litigants.  Higgs v. Attorney General of the United States, 655 F.3d. 333, 339 (3d Cir. 2011).

In this case, the operative time frame for inquiry about this factor centers around when Mr. Young was proceeding *pro se* and inadvertently[15] failed to check either the "Yes" or "No" box on the initial form Complaint.

Although 32 days elapsed from the date Attorney Thompson entered her appearance for plaintiff on February 12, 2012 until the date of the Rule 16 status conference on March 15, 2012 where it was first announced that plaintiff wished to file an amended complaint and to add a jury demand, I conclude this does not amount to the inadvertence, oversight or lack of

---

[15]    Plaintiff's reasons, discussed above, for failing to check either the "Yes" or "No" box on the initial form Complaint concerning his desire for a jury trial could appropriately be described as "inadvertence".  In Defendants' Opposition brief, defendants characterize it as "inadvertence". Defendants' Opposition, page 2.

diligence of counsel in causing a jury demand to be untimely that is usually addressed in other cases.

Primarily, the delay attributable to Attorney Thompson as counsel had no effect on the jury demand in this case being untimely.  Had Attorney Thompson immediately filed a jury demand on February 12, 2012 concurrently with her entry of appearance, the demand still would have been untimely because the deadline to file a timely demand was December 9, 2011.

Furthermore, the Rule 16 status conference was the first court-related event occurring after Attorney Thompson entered her appearance.  Even though Attorney Thompson could have filed a jury demand at any time between her initial appearance and the Rule 16 status conference, Attorney Thompson's inaction during this 32-day period stands in stark contrast to the inaction of counsel in other cases within this district where the court expressed concerns about counsels' inadvertence, oversight and lack of diligence.[16]

In this case, defendant asserts that plaintiff's only justification for his inadvertence or oversight in failing to

---

[16]    See FSA Group, Inc., supra (detailing eight court-related events spanning nine months where plaintiff's original counsel could have, but failed to, announce the intention to file a jury demand and two additional court-related events where plaintiff's new counsel could have, but failed to, demand a jury).

See also Shen Manufacturing Company, supra (where my colleague, Senior United States District Judge J. William Ditter, Jr., explained that over the course of defendant's six-month delay in filing a jury demand, Senior Judge Ditter had met with and spoke to defendant's counsel on a number of occasions.

check off the box for either a jury trial or non-jury trial was that plaintiff was proceeding *pro se* when he filed his Complaint.[17]

Although inadvertence is generally not permitted as a justifiable reason for failing to timely demand a jury, it stands to reason that the inadvertence of a *pro se* litigant should not be treated the same way as the inadvertence of a trained and licensed attorney.

Policy dictates that, although we do not throw out the rules and allow *pro se* litigants free range to do what they wish, we still treat them liberally. See Higgs, supra. The policy of treating *pro se* litigants more liberally than trained counsel instructs me that the hard line taken by district courts in this Circuit towards the inadvertence of counsel should not be rigidly applied to *pro se* litigants.

Therefore, although this factor of justification for the untimely demand weighs in favor of defendants because of plaintiff's somewhat inadequate attempt to justify his failure to make a timely jury demand, because the inadvertence, oversight or lack of diligence is attributable to Mr. Young while acting *pro se*, and not to his counsel, this factor only weighs slightly in defendants' favor.

---

[17] See Defendants' Opposition brief, page 2

CONCLUSION

As discussed above the suitability of this claim for a jury, the fact that the length of the delay, although not slight, has not caused a scheduling disruption or prejudice to the defendant outweighs plaintiff's failure to adequately justify an untimely jury demand.

Accordingly, for all the foregoing reasons, and after weighing all the factors set forth by the United States Court of Appeals for the Third Circuit in SEC v. Infinity Group, supra, I grant Plaintiff's Motion to Amend Plaintiff's Complaint to Include a Jury Trial Demand, which I treat as a motion for leave to file an untimely jury demand pursuant to Federal Rule of Civil Procedure Rule 39(b).

Therefore, I give plaintiff until April 12, 2013 to file a written jury demand pursuant to Fed.R.Civ.P. 38(b)(1). In the event plaintiff files a jury demand in accordance with this Opinion, a jury trial of the within case shall commence on Monday, April 22, 2013. Otherwise a non-jury trial of the case shall commence on that date.